# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLIE WILLIAMS,

                Plaintiff,

v.

JOHN/JANE DOES,

                Defendants.

Case No. 22-CV-1281-JPS

**ORDER**

Plaintiff Charlie Williams, an inmate confined at Oshkosh Correctional Institution ("OCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 10, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $22.37. ECF No. 6. Plaintiff paid the initial partial filing fee on December 7, 2022. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 4. He must pay the

remainder of the filing fee over time in the manner explained at the end of this Order.

2.  **SCREENING THE COMPLAINT**

    2.1  **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*,

570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that the Doe defendants denied him medical treatment while in segregation at OCI. ECF No. 1 at 1. As a result of Plaintiff's segregation status, Plaintiff relied entirely on OCI staff to obtain medical treatment. *Id.* On May 29, 2022, the Doe defendants refused to give Plaintiff his prescribed Pregablin medication. *Id.* at 2. Plaintiff asked the sergeant in the bubble to call the Health Service Unit ("HSU") about the medication, but he never did. *Id.* The following day, the Doe defendants again refused to call HSU about his medication. *Id.* Plaintiff told the sergeant in the bubble on first and second shifts that he was sick and suffering from withdrawal symptoms as a direct result of not receiving his Pregablin medication. *Id.* The Doe defendants also refused to call HSU to come check on Plaintiff's withdrawal symptoms. *Id.*

On May 31, 2022, Plaintiff's withdrawal symptoms became unbearable. *Id.* Plaintiff's symptoms included: violent vomiting, headaches, body cramps, and an upset stomach. *Id.* Plaintiff told the sergeant in the bubble via his medical emergency button that he was in extreme pain and suffering from severe withdrawal symptoms. *Id.* The Doe defendants ignored his pleas for help and told him he needed to stop pressing the button and fill out a Health Service Request because it was not their job to call HSU for him. *Id.* Plaintiff explained his situation to every correctional officer on his unit, but they all chose to disregard his medical issues. *Id.*

### 2.3 Analysis

The Court will allow Plaintiff to proceed on an Eighth Amendment deliberate-indifference claim against the Doe defendants for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640). At the pleading stage, the Court finds Plaintiff has stated an Eighth Amendment claim against the Doe defendants for their deliberate indifference to his pain and suffering for not receiving his prescribed medication.

Because Plaintiff does not know the names of any of the Doe defendants, the Court will add the Oshkosh Correctional Institution Warden— Cheryl Eplett—as a defendant for the limited purpose of helping Plaintiff identify the names of those defendants. *See Donald v. Cook County*

*Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Warden Eplett does not have to respond to the complaint. After Warden Eplett's attorney files an appearance in this case, Plaintiff may serve discovery upon Warden Eplett (by mailing it to her attorney at the address in her notice of appearance) to get information that will help him identify the names of the Doe defendants.

For example, Plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Plaintiff does not state a claim against Warden Eplett, Plaintiff's discovery requests must be limited to information or documents that will help Plaintiff learn the real names of the Doe defendants he is suing. Plaintiff may not ask Warden Eplett about any other topic, and Warden Eplett is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the individuals that he alleges violated his constitutional rights, he must file a notice identifying their real names. The Court will dismiss Warden Eplett as a defendant once Plaintiff identifies the Doe defendants' names. After those defendants have an opportunity to respond to Plaintiff's complaint, the Court will issue a scheduling order for the remainder of the case.

Plaintiff must identify the names of the Doe defendants within sixty days of Warden Eplett's attorney appearing. If he does not, or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to follow the Court's order.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against the Doe defendants for their deliberate indifference to Plaintiff's serious medical need.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 4, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Warden Cheryl Eplett be added as a defendant for the limited purpose of helping Plaintiff identify the names of the Doe defendants;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Warden Eplett;

**IT IS FURTHER ORDERED** that Warden Eplett does not have to respond to Plaintiff's complaint; however, she must respond to any discovery requests as described in this Order;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile

Page 6 of 8

Case 2:22-cv-01281-JPS    Filed 04/04/23    Page 6 of 8    Document 7

or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $327.63 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Page 7 of 8
Case 2:22-cv-01281-JPS    Filed 04/04/23    Page 7 of 8    Document 7

Dated at Milwaukee, Wisconsin, this 4th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.